**In re L.B. SMITH, INC. OF VIRGINIA, Debtor.**

**Richard M. KREMEN, Trustee, Plaintiff,**

**v.**

**WARNER–FRUEHAUF TRAILER CO., INC., Defendant.**

Bankruptcy No. 80–2–2014L.
Adv. No. 82–1704B.

United States Bankruptcy Court,
D. Maryland.

Feb. 15, 1984.

David S. Musgrave, Semmes, Bowen & Semmes, Baltimore, Md., for trustee.

Ronald M. Miller, Reichelt, Nussbaum & Brown, Greenbelt, Md., for Abernathy & Allen Excavation, Inc.

## ORDER AVOIDING PREFERENTIAL TRANSFER

JAMES F. SCHNEIDER, Bankruptcy Judge.

Finding that the funds paid by the debtor to Warner-Fruehauf Trailer Co., Inc. ["Warner-Fruehauf"], were funds of the debtor and were not subject to a constructive trust, the transfer will be avoided.

### Findings of Fact

1. A truck owned by the debtor was involved in a traffic accident on February 12, 1980, with a tractor-trailer belonging to I.J. and E.W. Long, Inc. ["Long"].

2. The debtor made claims on Long's liability insurer, Virginia Mutual Insurance Company, ["Virginia Mutual"], for a total of $3,984.39 for damages sustained in the accident.

3. The claims were based on estimates from Independent Appraisal Service and indicated that the debtor intended to have the repair work done by Truck Equipment, a division of Warner-Fruehauf.

4. Virginia Mutual issued checks to the debtor on March 18, 1980, and April 11, 1980, in the total amount of $3,984.39 in respect to the claims.

5. Neither Truck Equipment nor Warner-Fruehauf was named as a payee on the checks. Virginia-Mutual did not condition payment of the checks on the repair of the debtor's truck.

6. The debtor deposited the checks in its general operating account.

7. Truck Equipment completed repairs of the debtor's truck on April 29, 1980. By means of its invoice of May 7, 1980, Truck Equipment requested payment of $3,984.39 by the debtor.

8. The debtor paid the $3,984.39 for repairs to the truck by issuing a check for that amount dated July 31, 1980. The check was deposited to Warner-Fruehauf's general operating account.

9. The debtor filed its Petition for Relief on October 23, 1980.

### Conclusions of Law

1. This matter is governed by the provisions of section 547(b) of the Bankruptcy Code, which provides:

Except as provided in subsection (c) of this section, the Trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under Chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § ·547(b) (1982).

2. The provisions of section 547(c) which are exceptions to section 547(b), are inapplicable here. 11 U.S.C. § 547(c) (1982).

3. The $3,984.39 payment by the debtor to Warner-Fruehauf was a transfer of property to or for the benefit of a creditor, on account of an antecedent debt.

4. The payment was made while the debtor was insolvent and within ninety (90) days before the debtor's filing of its petition.

5. The payment enabled Warner-Fruehauf to receive more than it would receive if this were a case under Chapter 7, if the transfer had not been made, and if Warner-Fruehauf had received payment only to the extent provided by the Bankruptcy Code.

6. The sole real issue in this proceeding is whether the funds paid to Warner-Fruehauf were property of the debtor. Warner-Fruehauf contends that it was a third-party beneficiary to a contract between the debtor and Virginia Mutual and that the funds paid by Virginia Mutual to the debtor were subject to a constructive trust in favor of Warner-Fruehauf.

7. The debtor had no contract with Virginia Mutual to which Warner-Fruehauf could be a third-party beneficiary. The debtor was merely a claimant against Long, who was insured by Virginia Mutual.

8. Nor were the funds subject to a constructive trust. The debtor was the sole payee on the two checks from Virginia Mutual. The debtor had sole discretion over the use of the funds and need not have had the truck repaired. No evidence was presented that Warner-Fruehauf relied on the debtor's receipt of these proceeds from the settlement of its claim against Long when Warner-Fruehauf repaired the debtor's truck.

9. There are no grounds for imposing a constructive trust on the $3,984.39 in the debtor's hands either under federal bankruptcy law or Maryland law. Warner-Fruehauf has shown no reason why it should be placed in a better position than other creditors who extended goods and services to the debtor during the ninety (90) days prior to the filing of the Petition for Relief. The Court of Appeals of Maryland has recently held that constructive trusts are imposed "by operation of law where property has been acquired by fraud, misrepresentation, or other improper method, or where the circumstances render it inequitable for the party holding the title to retain it. The purpose of the remedy is to prevent the unjust enrichment of the holder of the property." *Wimmer v. Wimmer,* 287 Md. 663, 668, 414 A.2d 1254, 1258 (1980) (citations omitted). Warner-Fruehauf has not alleged that the debtor obtained the $3,984.39 by fraud, misrepresentation or other improper method. It would be unjust to permit Warner-Fruehauf to retain these funds, and unjust not to avoid the transfer.

10. The Trustee having proved the statutory grounds for avoiding the transfer pursuant to 11 U.S.C. § 547 (1982), the transfer will be avoided and the Trustee will be granted a judgment against Warner-Fruehauf in the amount of $3,984.39.

SO ORDERED.